UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No. 2:22-CV-195 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING, | |
| Defendant(s). | |

Presently before the court is SFR Investment Pool 1, LLC's ("SFR") motions for a temporary restraining order (ECF No. 6) and injunctive relief (ECF No. 7). NewRez LLC, d/b/a/ Shellpoint Mortgage Servicing ("Shellpoint") filed responses (ECF Nos. 10, 11), to which SFR replied (ECF No. 12).

**I.    Background**

This matter arises from an impending foreclosure sale of real property located at 7701 Flourish Springs Street, Las Vegas, NV 89131 (the "property"), set for February 16, 2022, at 9:00 AM. (ECF No. 6 at 1–2). In December of 2012, SFR purchased the property at a foreclosure sale for $8,100.00. (ECF No. 6-11 at 50–51). In 2020, on another matter concerning the property,[1] this court held[2] that SFR purchased the property subject to the underlying deed of trust. (ECF Nos. 10-4; 10-5). Shortly thereafter, Shellpoint obtained the deed of trust through an assignment. (ECF No. 6-11 at 58–59).

---

[1] *Green Tree Servicing LLC v. SFR Investments Pool 1, LLC et al*, Case No. 2:15-cv-00476-JCM-CWH (D. Nev.).

[2] On instruction from the Ninth Circuit. *See Ditech Fin. LLC v. SFR Invs. Pool 1, LLC*, 380 F. Supp. 3d 1089 (D. Nev. 2019).

**James C. Mahan**
**U.S. District Judge**

On September 14, 2021, Shellpoint recorded a notice of breach and default as well as an election to cause sale of the property under the deed of trust because no payments had been made on the deed of trust since 2011. (*See* ECF No. 6-11 at 30–37). One month later, SFR requested statements and information from Shellpoint regarding the foreclosure sale. However, before fulfilling SFR's request, Shellpoint recorded a notice of trustee's sale against the property scheduling the foreclosure sale. (ECF No. 6-11 at 61–62).

Ten days after Shellpoint recorded the notice of sale, SFR brought this suit in Nevada state court asserting claims for 1) violation of NRS 107.200 et seq, 2) cancellation of written instrument – deed of trust, 3) declaratory relief, 4) cancellation of instruments – notice of default and notice of sale, 5) wrongful foreclosure, and 6) preliminary and permanent injunction. (ECF No. 1-1). Shellpoint then removed this matter to this court. (ECF No. 1).

SFR now seeks a temporary restraining order and preliminary injunction enjoining Shellpoint, its successors, assigns, and agents from selling the property and continuing foreclosure proceedings during the pendency of this case. (ECF Nos. 6, 7).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order ("TRO") when the movant alleges "specific facts in an affidavit" that immediate and irreparable harm will occur before the adverse party can be heard in opposition. FED. R. CIV. P. 65(b)(1)(A). TROs and preliminary injunctions are extraordinary remedies meant to "preserve the status quo" and "prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). The standard for granting a TRO is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The court considers the following elements in determining whether to grant preliminary injunctive relief: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public

**James C. Mahan**
**U.S. District Judge**

- 2 -

interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

The movant must satisfy all four elements; however, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This "sliding scale" approach dictates that when the balance of hardships weighs heavily in the movant's favor, he only needs to demonstrate "serious questions going to the merits." *Id.* at 1135.

### III. Discussion

Having considered the *Winter* factors, the court DENIES SFR's motions for a temporary restraining order (ECF No. 6) and preliminary injunction (ECF No. 7); primarily because the balance of hardships is not clearly in SFR's favor.

SFR argues that the balance of hardships is in its favor because it has taken all steps necessary to obtain the statement regarding the debt secured by the deed of trust and it has no way of knowing how much it needs to pay to satisfy the debt secured by the deed of trust. Thus, SFR argues that without injunctive relief, it may lose its interest in the property despite having complied with all of its legal obligations. This argument is unavailing considering the extensive litigation concerning this property over the past decade.

As SFR is aware, this court, on direction from the Ninth Circuit, held that SFR purchased the property subject to the deed of trust. *See Green Tree Servicing LLC v. SFR Investments Pool 1, LLC et al*, Case No. 2:15-cv-00476-JCM-CWH, ECF No. 121 (D. Nev. Jan. 31, 2020); *Ditech Fin., LLC v. SFR Invs. Pool 1, LLC*, 793 F. App'x 490 (9th Cir. 2019). Yet, despite this court's holding over two years ago that the deed of trust is valid, SFR has yet to make a payment pursuant to the deed of trust.

Though SFR now claims that Shellpoint is keeping it in the dark as to how much it owes on the deed of trust and whether or not it needs to make payments to Shellpoint, it did know that it purchased the property subject to the deed of trust and still failed to even attempt to make payments until now, the time that it could ostensibly assert an argument that the deed was extinguished in 2021 because more than ten years had passed since the underlying loan was

allegedly accelerated. (*See* ECF No. 6 at 7–9). SFR's argument borders on a bad faith attempt to goad the court into imposing the extraordinary remedy of injunctive relief on an extreme timeline because SFR stalled on satisfying its obligations until the risk of its default—foreclosure—was eminently upon it.

At bottom, SFR stands to lose revenue from an investment that it has refused to pay for despite this court's judgment. Meanwhile, if the court grants injunctive relief, Shellpoint risks suffering further losses on the debt obligation that it is owed under the deed of trust.

These hardships are very similar; thus, the balance of hardships does not tip sharply in favor of SFR. Therefore, even assuming that SFR demonstrates "serious questions going to the merits,"[3] and irreparable harm,[4] SFR is not entitled to injunctive relief under the traditional or sliding scale approach.[5] *See Cottrell*, 632 F.3d at 1131.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motions for a temporary restraining order (ECF No. 6) and injunctive relief (ECF No. 7) be, and the same hereby are, DENIED.

DATED February 15, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Which, having considered the merits of SFR's claims, the court does not hold that it has.

[4] Which real property generally does constitute.

[5] Even assuming it satisfied the other factors, SFR's public policy arguments are also unavailing. That a third party could purchase the property without knowing that SFR will veraciously defend its interest does not mean that the public interest favors allowing SFR to keep that interest despite having never made a payment under the deed of trust.

**James C. Mahan**
**U.S. District Judge**

- 4 -