UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SFR INVESTMENTS POOL 1, LLC,

                         Plaintiff(s),

     v.

NEWREZ LLC D/B/A SHELLPOINT
MORTGAGE SERVICING,

                        Defendant(s).

Case No. 2:22-CV-195 JCM (BNW)

ORDER

      Presently before the court is defendant NewRez LLC's motion for judgment on the pleadings of plaintiff SFR Investment Pool 1, LLC's complaint.  (ECF No. 43).  Plaintiff filed a response (ECF No. 51), an errata to that response (ECF No. 61), and a supplement to that errata (ECF No. 68), to all of which defendant replied (ECF No. 73).

      Also before the court is plaintiff's motion to dismiss defendant's counterclaims.  (ECF No. 18).  Defendant filed a response (ECF No. 30), to which plaintiff replied (ECF No. 33).

## I.      Background

      This matter arises from a dispute regarding the foreclosure sale of real property located at 7701 Flourish Springs Street, Las Vegas, Nevada 89131 (the "property").  (ECF No. 43).  In 2007, a deed of trust was recorded against the property.  (*Id.*).  In 2012, plaintiff purchased the property at a foreclosure sale for $8,100 after the original property owner failed to timely pay her HOA assessments.  (*Id.*)

      In 2020, in another matter between plaintiff and defendant's predecessor-in-interest concerning the property, this court held that the deed of trust was not extinguished by that 2012 foreclosure sale and entered judgment against plaintiff in that matter pursuant to a Ninth Circuit

James C. Mahan
U.S. District Judge

1   memorandum decision.  (ECF No. 43-6; 43-6).  This court explicitly held that "SFR's interest in

2   the property is subject to the deed of trust."  (ECF No. 43-6).

3       On September 14, 2021, defendant caused a notice of default and election to cause sale of

4   the property under the deed of trust to be recorded because no payments had been made on the

5   deed of trust since 2011.  *See* (ECF No. 43).  Defendant scheduled a foreclosure sale for

6   February 16, 2022.  (*Id.*)

7       On January 23, 2022, plaintiff brought this suit in Nevada state court alleging claims for

8   1) violation of NRS 107.200 et seq, 2) cancellation of written instrument – deed of trust, 3)

9   declaratory relief, 4) cancellation of instruments – notice of default and notice of sale, 5)

10  wrongful foreclosure, and 6) preliminary and permanent injunction.  (ECF No. 1-1).  Defendant

11  then timely removed this matter to this court.  (ECF No. 1).

12      This court denied plaintiff's motions for a temporary restraining order and preliminary

13  injunction on February 15, 2022.  (ECF No. 13).  Defendant now moves for judgment on the

14  pleadings as to plaintiff's second claim (ECF No. 43), and plaintiff moves to dismiss most of

15  defendant's counterclaims (ECF No. 18).

16  **II.    Legal Standard**

17      A court may dismiss a complaint for "failure to state a claim upon which relief can be

18  granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

19  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

20  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

21  factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of

22  the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

23  omitted).

24      "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

25  U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

26  matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation

27  omitted).

28

James C. Mahan
U.S. District Judge

- 2 -

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made."

James C. Mahan
U.S. District Judge

- 3 -

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

"[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted).  The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false.  *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

The court typically may not consider matters outside the pleadings on a Rule 12(c) motion lest the motion be treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d). But the court can consider matters properly subject to judicial notice under Federal Rule of Evidence 201.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  The court can also consider documents whose contents are merely alleged in a complaint and whose authenticity no party questions under the incorporation by reference doctrine.  *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015); *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (holding that courts can consider a document incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.     Discussion**

     A.  <u>Defendant's motion for judgment on the pleadings</u>

Defendant moves for judgment on the pleadings as to plaintiff's second claim.  Although the second claim is styled differently in the proposed amended complaint (quiet title, rather than cancellation of a written instrument), the claim is premised on the same facts and law as the second claim in the original complaint, and the court thus considers this motion on the merits as to the both the original and proposed amended complaints.  *See* (ECF Nos. 1; 40);

Principally, plaintiff claims that a letter (which is neither in this court's record, nor publicly recorded in any fashion) accelerated the debt sometime in the fall of 2011.  (ECF No. 61).  Therefore, according to plaintiff, the deed of trust was presumed satisfied ten years later in fall 2021, pursuant to Nevada's ancient lien statute.  *See* Nev. Rev. Stat. § 106.240.

Plaintiff's argument relies on a tenuous interpretation of Nevada law.  It bases its contentions on a phantom notice of default that it does not even know with certainty exists in this case, and that this court has already addressed with skepticism in near-identical circumstances.  *See Paradise Harbor Place Trust, v. Bank of America, N.A.,* No. 2:22-cv-313-JCM-EJY, 2022 WL 16752029 (D. Nev. Nov. 7, 2022).  Because plaintiff has not, and cannot, show an affirmative recorded acceleration of the debt before the 2021 notice of default, its claim fails as a matter of law and must be dismissed, with prejudice.

"Acceleration is seldom implied, and courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention." *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991).  An amorphous allegation that a general practice resulted in a letter being sent to the homeowner is nowhere near the clarity and certainty the Nevada Supreme Court requires for acceleration.

The Ninth Circuit has squarely foreclosed plaintiff's argument.  *See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n,* No. 21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022).  "[A]cceleration cannot occur until the conclusion of the 35-day period allotted for the borrower to cure the deficiency—and [] this period does not begin to run until the notice of default has

1    been recorded." *Id* at *2.  Here, there was no notice of default recorded until 2021, meaning the

2    debt would not be extinguished under the ancient lien statute until 2031, if at all.

3          Thus, defendant's motion must be granted.  The debt under the deed of trust was never

4    accelerated and plaintiff's rights to the property are not superior to defendant's.  Therefore,

5    plaintiff has no ground for a quiet title claim, and that claim is dismissed.

6          Although "[t]he court should freely give leave when justice so requires," the court is not

7    obligated to do so.  Fed. R. Civ. P. 15(a)(2).  The court need not give leave to amend where "it

8    determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez*

9    *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497

10   (9th Cir. 1995)).  Thus, "leave to amend may be denied if it appears to be futile or legally

11   insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson*

12   *v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)).  The standard to be applied

13   when determining the legal sufficiency of a proposed amendment is identical to that on a motion

14   to dismiss for failure to state a claim.  *Id.*

15         Determining that plaintiff's claims fail as a matter of law, the court finds that granting

16   plaintiff leave to amend its second claim would be futile.  There was never a recorded

17   acceleration of the deed of trust.  Given that, plaintiff cannot state a claim for relief, and

18   defendant holds a valid interest in the property.  The court thus dismisses the quiet title claim,

19   with prejudice, but reserves ruling on the motion to amend.

20         B.  Plaintiff's motion to dismiss counterclaims

21         Plaintiff also moves to dismiss five of defendant's counterclaims.  The court addresses

22   each of these claims in turn.

23             *1.  Quiet Title*

24         Defendant brings a counterclaim for quiet title pursuant under Nevada Revised Statute

25   40.010.  Plaintiff requests dismissal of this claim on the ground that defendant has no

26   "independent basis" under which to bring the claim.  (ECF No. 18 at 3).

27         In both its motion and its reply, plaintiff does not cite a single authority for this

28   proposition aside from a halfhearted parsing of the statute.  Its position is, at best, disingenuous.

James C. Mahan
U.S. District Judge

1    Plaintiff itself seeks to bring a quiet title claim in this case.  It cannot simultaneously disclaim

2    defendant's ability to bring the same claim in the same court under the same facts.  The court

3    denies plaintiff's motion as to defendant's quiet title claim

4              *2.  Tortious Interference with Contractual Relations*

5              In Nevada, a claim for interference with contractual relations requires a plaintiff to show

6    (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional

7    acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the

8    contract; and (5) resulting damage.  *J.J. Industries, LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev.

9    2003) (citing *Sutherland v. Gross*, 772 P.2d 1287, 1290 (Nev. 1989)).  When adjudicating a

10   motion to dismiss, the court does not consider the merits of the allegations, but rather determines

11   if they contain sufficient factual matter to "state a claim to relief that is plausible on its face."

12   *Iqbal*, 556 U.S. at 678 (citation omitted).

13             Defendant fails to plausibly allege this claim.  It asserts, essentially, that plaintiff's filing

14   of this suit constituted an intentional interference with contractual relations by preventing it from

15   pursuing foreclosure.  *See* (ECF Nos. 17; 30).  While this court agrees that at least plaintiff's

16   quiet title claim has since been proven meritless, as discussed above, plaintiff's basis for bringing

17   the suit was at least colorable at the time the original complaint was filed even if it is now fatally

18   flawed.

19             Defendant claims that this tort applies in all cases where a party's action leads to

20   frustration of a contractual right.  (ECF No. 30 at 10).  This court is wary of that interpretation.

21   Following defendant's position to its end, if any frustration of a contractual right qualifies as

22   intentional interference, every unsuccessful lawsuit becomes a potential intentional interference

23   claim because the contractual rights would be "frustrated" by the pendency of the litigation.  This

24   court will not extend the tort that far.  Defendant's second counterclaim is dismissed.

25             *3.  Abuse of Process*

26             Under Nevada Law, to prevail on a claim for abuse of process a plaintiff must show: "(1)

27   an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in

28   the use of the legal process not proper in the regular conduct of the proceeding."  *LaMantia*, 38

James C. Mahan
U.S. District Judge

P.3d at 879 (quotes omitted).  "Malice, want of probable cause, and termination in favor of the person initiating or instituting proceedings are not necessary elements for a prima facie abuse of process claim.  *Id.* (citing *Nevada Credit Rating Bur. v. Williams*, 503 P.2d 9, 12 (Nev. 1972); Restatement (Second) of Torts § 682 cmt. a (1977)).

Although resorting to litigation as a last ditch effort to stop a foreclosure could be an ulterior purpose, "filing a complaint and proceeding to properly litigate the case" is not a "'willful act' that would not be 'proper in the regular conduct of the proceeding[.]'" *Land Baron Inv. v. Bonnie Springs Family LP*, 356 P.3d 511, 520 (Nev. 2015) (citation omitted).  While plaintiff's claim is dubious at best, it has done nothing explicitly improper during this litigation. At the time the case was filed, there was no binding precedent disposing of plaintiff's claims. While arguments like plaintiff's have now been addressed with near lock-step disapproval by courts in Nevada, it was not "bad faith" for it to have brought the suit at the time of filing, even if it knew its position was tenuous.  Therefore, defendant's counterclaim for abuse of process must be dismissed.

### 4.  *Slander of Title*

Under Nevada law, a slander of title claim involves (1) false and malicious communications (2) disparaging to one's title in land (3) causing special damages. *See Higgins v. Higgens*, 744 P.2d 530, 531 (1987) (citations omitted); *see also Rowland v. Lepire*, 662 P.2d 1332, 1335 (1983) ("The requisites to an action for slander of title are that the words spoken be false, that they be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result of their having been spoken."). Additionally, a defendant must know that "the statement was false or act in reckless disregard of its truth or falsity." *Rowland*, 662 P.2d at 1335.

Here, defendant alleges that plaintiff made false statements when it (1) filed the instant complaint and (2) recorded an attendant notice of *lis pendens*.  (ECF No. 17).  This claim fails as a matter of law.  A slander of title claim requires that a plaintiff know that a statement was false or recklessly disregard a likelihood that it was false.  *Rowland*, 662 P.2d at 1335.  While plaintiff's claims border on bad faith, at least at the time of filing, they were not.  As the court

1 has already twice discussed above, the claims were at least colorable when the complaint was

2 filed.  Therefore, plaintiff did not know that the statements were false as a matter of law, and this

3 claim must also be dismissed.

4      *5.  Equitable Lien*

5    Defendant also submits a counterclaim for an equitable lien against the property.  An

6 equitable lien is a remedy, not an independent cause of action.  *See Leavitt v. Elizarde,* No. 2:14-

7 cv-01043-JAD-NJK, 2016 WL 270074 (D. Nev. Jan. 21, 2016).  While the court retains its

8 sound discretion to impose an eventual equitable lien as a remedy if defendant is successful on

9 any of its remaining claims, a claim for "equitable lien" cannot stand as an independent cause of

10 action.  The court dismisses defendant's equitable lien counterclaim but reserves the ability to

11 impose an equitable lien as relief.

12 **IV.** **Conclusion**

13    In summary, the court grants defendant's motion for judgment on the pleadings and

14 dismisses plaintiff's second claim for relief, with prejudice.  The court denies plaintiff's motion

15 to dismiss defendant's first counterclaim, but grants it as to counterclaims two, three, four, and

16 six, and dismisses those claims, without prejudice.

17    Accordingly,

18    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for

19 judgment on the pleadings (ECF No. 43), be and the same hereby is, GRANTED

20    IT IS FURTHER ORDERED that plaintiff's motion to dismiss (ECF No. 18) be, and the

21 same hereby is, DENIED in part, and GRANTED in part, consistent with the foregoing.

22    DATED November 17, 2022.

23

24         UNITED STATES DISTRICT JUDGE

25

26

27

28