# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR Investment Pool 1, LLC, | Case No. 2:22-cv-00195-JCM-BNW |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| NewRez LLC, | |
| Defendant. | |

Before the Court is Plaintiff SFR's motion to amend its complaint. ECF No. 40. Defendant NewRez opposed, and SFR replied. ECF Nos. 54, 67.

The parties are familiar with the facts and the arguments underlying this motion. As a result, the Court does not repeat them here.

**I.     Relevant Facts**

SFR filed it complaint on January 23, 2022. The complaint includes the following claims: (1) violation of NRS 107.200 et. seq.; (2) cancellation of instrument – deed of trust; (3) declaratory relief – NRS 40.010; (4) cancellation of instruments; and (5) wrongful foreclosure. The complaint seeks damages and injunctive relief.

On July 1, 2022, NewRez foreclosed on the Property. After purchasing the property at the foreclosure sale, SFR is moving to amend the complaint to add allegations related to the foreclosure sale and to delete duplicative or mooted claims. SFR's proposed First Amended Complaint includes the following claims: (1) violation of NRS 107.200 et. seq.; (2) quiet title – NRS 40.010; and (3) wrongful foreclosure.

NewRez does not oppose the removal of any claims or allegations from the First Amended Complaint. Accordingly, the Court recommends that leave to amend be granted to the extent that claims and allegations have been removed in the First Amended Complaint.

1  However, NewRez does oppose the following: (1) amending the second cause of action from "cancellation of written instrument" to "quiet title," and (2) amending the allegations underlying the wrongful foreclosure claim, which is the third cause of action.

The deadline to amend the complaint was July 22, 2022. ECF No. 36. On July 22, 2022 SFR filed a motion to amend, which the Court denied without prejudice for the parties to meet and confer about SFR's proposed amendment. ECF Nos. 37, 39. On July 29, 2022 SFR filed its renewed motion after the parties could not reach an agreement.[1]

**II.    Analysis**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all these factors carry equal weight, and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id*. "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"Denial of leave to amend on [futility] ground[s] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties'

---

[1] Based on this timeline of events, and likely because the original motion was filed by the deadline to amend the complaint, NewRez does not argue this motion is untimely. As a result, the Court does not analyze the request under the excusable neglect standard.

arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015).

The party opposing the amendment bears the burden of showing why leave should be denied, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs*., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)), including the burden of establishing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### A.   Quiet Title Claim

SRF's allegations in the First Amended Complaint are almost identical to those in the original complaint. *Compare* ECF 1-1 at 7, *with* ECF 40-4 at 7. The only difference is that SFR is changing the cause of action from cancellation of written instrument to "quiet title." The Court finds that SFR's NRS 106.240 claims—whether styled as a cause of action for cancellation of instrument or quiet title—are futile. The district judge assigned to this case already entered an order making clear that this argument would fail. ECF No. 105 at 6 (explaining that "granting plaintiff leave to amend its second claim would be futile.") This is consistent with other orders (albeit in different cases) foreclosing the NRS 106.240 argument in similar contexts. *See Paradise Harbor Place Tr. v. Bank of Am., N.A.*, 2022 WL 16752029 (D. Nev. Nov. 7, 2022); *SFR Invs. Pool 1, LLC v. Carrington Mortg. Servs. LLC*, 2022 WL 17061226 (D. Nev. Nov. 17, 2022). Given this, the Court finds that this is one of the rare circumstances in which denying leave to amend on futility grounds is proper.[2]

### B.   Wrongful Foreclosure Claim

NewRez argues that amendment of the wrongful foreclosure claim is also futile, as (1) SFR failed to comply with the tender rule, and (2) SFR cannot undermine NewRez's foreclosure authority (not even as to the amount owed on the loan). First, NewRez has not carried its burden to show that this claim is futile. Second, there is no established law in this district regarding this

---

[2] The Court recognizes that NewRez has not argued that amendment should be denied based on prejudice. Nevertheless, given the strong showing that the amended claim would be futile, the Court need not engage in a prejudice analysis. *See Capital*, 316 F.3d at 1051.

issue. The district judge is in a better position to make determinations about the viability of this claim after full briefing on the matter. For similar reasons, NewRez's arguments regarding bad faith fail at this juncture. Lastly, NewRez failed to meet its burden to show prejudice, which is the touchstone for this analysis. *Eminence Capital*, 316 F.3d at 1051. As a result, SFR's request to amend this claim is granted.

### III.   Conclusion

**IT IS THEREFORE RECOMMENDED** that SFR's motion to amend (ECF No. 40) be granted in part and denied in part.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 30, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE